UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 1:05CR124 |
| | (BECKWITH, J.) |
| VS. | (HOGAN, M.J.) |
| STEVEN TOY, | |
| DEFENDANT | |

## REPORT AND RECOMMENDATION

A probable cause hearing was held in this criminal case on July 30, 2010. Before the Court was an amended supervised release violation. A prior supervised release violation, alleging facts which occurred within the 3-year period of supervised release imposed by the sentencing judge, resulted in an executed waiver of probable cause. That violation is pending final disposition. After the expiration of the 3-year period of supervised release, the probation officer filed an amended violation, alleging facts which occurred after the expiration of the 3-year period of supervised release. The Government's request for a warrant also occurred approximately 2 months after the term of supervised release expired.. The Court heard evidence from the probation officer, Michelle Merrett, and concluded that the evidence justified a finding of probable cause and the Court so found.

After the testimony had been heard, Defendant's counsel moved to dismiss the amended violation on the basis that it was both filed after the expiration of the 3-year period of supervised release and alleged facts which occurred out of time. The Government argued in its brief that this Court lacks lacks the power to make a dispositive ruling in a criminal case and that the scope of this Court's jurisdiction is limited to a determination of probable cause. Defendant argued that the resolution of the probable cause issue necessarily encompasses the issue of whether the charge is properly before the Court.

We believe the Government is correct as to the scope of this Court's power, but incorrect on the ultimate issue. Pursuant to 18 U.S.C., Section 3583(i), a term of supervised release may

only be revoked after the term has expired if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such violation. Although the resolution of this issue may be of little help to Defendant because he has waived a probable cause determination on the original supervised release violation, we nevertheless recommend that the amended supervised release violation be dismissed.

August 10, 2010

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff

Case No. 1:05cr124

vs.

STEVEN TOY,
    Defendant

(Beckwith, J.; Hogan, M.J.)

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).