UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | Case No. 1:05-CR-124 |
| Plaintiff, | : | |
| vs. | : | |
| Steven Toy, | : | |
| Defendant. | : | |

**ORDER**

This matter is before the Court on the Report and Recommendation of the Magistrate Judge.  (Doc. 26)  The Magistrate Judge conducted a probable cause hearing on the amended petition for an arrest warrant filed on January 13, 2009.  (Doc. 15)  Defendant Toy appeared with counsel on July 29, and the probable cause hearing was conducted the next day.  After testimony was presented at the hearing, Defendant moved to dismiss the amended petition and violation report because it was filed after his period of federal supervised release had expired, and alleged facts and events that occurred after that time.  The Government argued that the Magistrate Judge lacks authority to grant a motion to dismiss, and that his jurisdiction is limited to the determination of probable cause.

After post-hearing briefs were filed, the Magistrate Judge issued his August 10 Report and Recommendation.  He declined to

rule on Defendant's motion to dismiss. Citing 18 U.S.C. §3583(i), the Magistrate Judge recommended that the 2009 amended supervised release violation be dismissed. He also noted that Defendant had waived a probable cause determination on an original violation report (which was filed on June 20, 2007). The Report and Recommendation states, pursuant to Fed. R. Civ. P. 72(b), that any objections to the Report must be filed within fourteen days of service.

The Government filed a response and objections on August 26 (Doc. 27), which was followed by Defendant's motion to strike the objections because they were not filed within fourteen days of the Report. (Doc. 28)

Initially, the Court denies Defendant's motion to strike. The Report states that objections are due fourteen days after service. Fed. R. Crim. P. 45(c), on computing and extending time, provides that when service is made in the manner provided under Fed. R. Civ. P. 5(b)(E), three days are added to the time period in question. Rule 5(b)(E) governs service by electronic means. As the Report was served electronically through the Court's CM/ECF system, three days are added to the fourteen-day period (which likely explains the CM/ECF clerk's docket entry stating that objections were due by August 27).

The substantive questions before the Court are whether the January 2009 supervised release violation report and request for

arrest warrant was timely filed, and whether this Court must conduct an evidentiary hearing on that subject.  The statute at issue, 18 U.S.C. §3583(i), states:

> (i) **Delayed revocation**.  The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment ... **extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.**  (Emphasis added)

The application of the statute in this case is complicated by the fact that there are several conflicting statements in the record concerning the dates on which Defendant's supervised release term began and when it ended.  The reasons for these discrepancies is not entirely clear.  The chronology begins with the supervised release transfer order from the New Mexico District Court, where Defendant was originally charged and sentenced.  That order states that Defendant's supervised release term is from "July 1, 2004 to June 30, 2007."  A December 5, 2006 confidential report from the probation officer in this district (regarding Defendant's request for travel) states that his release term began on June 24, 2004.  The petition filed on June 19, 2007 states that his supervision commenced on April 15, 2004.  The supervised release violation report, prepared after the July 3, 2007 probable cause hearing on that petition states that

-3-

Defendant's term commenced on July 1, 2004.  The amended petition filed on January 13, 2009 states that supervision commenced on April 15, 2004.  And the probation officer testified at the July 30 probable cause hearing that Defendant's term of supervised release began on April 15, 2004.

If that date is correct, both the June 19, 2007 and the January 13, 2009 petitions would be untimely under the express terms of 18 U.S.C. §3583(i).  Despite the probation officer's testimony at the hearing, this Court need not accept that testimony if it is clearly erroneous.  The district court order transferring jurisdiction of Defendant's supervised release to Ohio clearly states that the term of supervised release began on July 1, 2004 and would terminate on June 30, 2007.  The inmate locator search maintained on the Bureau of Prisons website states that Mr. Toy was released from custody on July 1, 2004.  Despite the error in some of the documents and in the probation officer's testimony, the Court concludes there is no genuine factual dispute that Defendant's term of release ended on June 30, 2007.  The Court sees no need to conduct another hearing on that issue.

That factual finding compels the legal conclusion that the January 13, 2009 amended petition and the order issuing an arrest warrant, which describes additional events that occurred in January 2009, was not timely filed under 18 U.S.C. §3583(i).

That amended petition is therefore dismissed.

The original petition was filed on June 19, 2007, and a summons was issued to Defendant on June 20. It was returned executed on June 22, and Defendant appeared on the summons with counsel on June 27. (Doc. 8) He was released on an OR bond, and appeared for a preliminary examination on July 3, 2007. At that time Defendant waived preliminary hearing. The original petition was timely filed, and Defendant has waived any probable cause challenge to that petition, and any objection on the basis of the date of filing of the petition.

The Court will conduct a supervised release violation hearing on those charges on a date to be set by the clerk. Sentencing memoranda and any briefs addressing additional legal arguments shall be filed in accordance with the schedule to be issued.

SO ORDERED.

DATED: November 16, 2010   s/Sandra S. Beckwith
                          Sandra S. Beckwith
                          Senior United States District Judge